UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ROBERT BLISS,

       Plaintiff,

-against-

NATIONAL RAILROAD PASSENGER
CORPORATION a/k/a AMTRAK,

       Defendant.
------------------------------------------------------X

**ANSWER**

07 CV 6001 (J. BERMAN)

    Defendant National Railroad Passenger Corporation, a/k/a Amtrak ("Amtrak"), by its attorneys, Landman Corsi Ballaine & Ford P.C., hereby answers the Complaint herein as follows:

    FIRST: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

    SECOND: Defendant Amtrak admits the truth of each and every allegation contained in paragraph "2" of the Complaint.

    THIRD: Defendant Amtrak admits the truth of each and every allegation contained in paragraph "3" of the Complaint.

    FOURTH: Defendant Amtrak admits the truth of each and every allegation contained in paragraph "4" of the Complaint.

    FIFTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

    SIXTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

    SEVENTH: Defendant Amtrak denies the truth of each and every allegation contained in

paragraph "7" of the Complaint.

EIGHTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

NINTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

TENTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "10" of the Complaint.

ELEVENTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

TWELFTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "12" of the Complaint.

THIRTEENTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "13" of the Complaint.

FOURTEENTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "14" of the Complaint.

FIFTEENTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "15" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

SIXTEENTH: Any injuries suffered by plaintiff were caused solely by his own negligence and not by any negligence of the defendant Amtrak.

## SECOND AFFIRMATIVE DEFENSE

SEVENTEENTH: Any injuries suffered by plaintiff were caused, in part, by his own

negligence, and any recovery by plaintiff must be diminished in proportion to that part of his injuries attributable to his own negligence.

### THIRD AFFIRMATIVE DEFENSE

EIGHTEENTH: Any injuries suffered by plaintiff were not caused by a negligent act or omission of defendant Amtrak or any individual acting under its direction or control.

### FOURTH AFFIRMATIVE DEFENSE

NINETEENTH: If plaintiff has sustained any damages in this matter, which defendant Amtrak denies, then defendant Amtrak's liability, if any, shall be limited in accordance with Article 16 of the New York Civil Practice Law and Rules.

### FIFTH AFFIRMATIVE DEFENSE

TWENTIETH: Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

TWENTY-FIRST: Plaintiff's contributory negligence is a complete bar to this action.

### SEVENTH AFFIRMATIVE DEFENSE

TWENTY-SECOND: This action should be transferred to the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. § 1404.

**WHEREFORE**, defendant Amtrak demands judgment dismissing the Complaint herein, together with its costs and disbursements, and such other and further relief as this Court deems appropriate.

Dated: New York, New York
       June 29, 2007

                                          Respectfully submitted,

                                          LANDMAN CORSI BALLAINE & FORD P.C.

                            By: _____
                                          Mark S. Landman (ML 7654)
                                          Attorneys for Defendant Amtrak
                                          120 Broadway, 27th Floor
                                          New York, New York  10271-0079
                                          (212) 238-4800

TO:    Thomas E. Mehrtens, P.C.
        Attorney for Plaintiff
        107 Lake Avenue
        Tuckahoe, New York 10707
        (914) 643-6517

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

    **MIRIAM DEIKUN**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at QUEENS, NEW YORK.

    That on the 29th day of June, 2007, deponent served the within **ANSWER**

upon

        Thomas E. Mehrtens, P.C.
        Thomas E. Mehrtens, Esq.
        Attorneys for Plaintiff
        107 Lake Avenue
        Tuckahoe, New York 10707

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                                    _____
                                                    Miriam Deikun

Sworn to before me this
29th day of June, 2007

_____
Notary

                                        JELENA BRIGIDA
                              Notary Public, State of New York
                                 No. 01BR6156932
                              Qualified in Kings County
                             Commission Expires Dec. 4, 2010